J-S13037-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
KENNETH A. SENOSKI :
:
Appellant : No. 306 WDA 2023

Appeal from the Order Entered March 2, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0007565-1995

BEFORE: KUNSELMAN, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: May 30, 2024**

Kenneth A. Senoski appeals *pro se* from the order dismissing his most

recent request for post-conviction relief. The lower court treated this filing as

a serial petition under the Post Conviction Relief Act, 42 Pa.C.S.A. §§9541-46,

and dismissed it as untimely. We affirm the denial of Senoski's 2023 request,

albeit on a different basis.

This Court previously summarized the pertinent facts as follows:

> On April 22, 1995, [the victim] had contracted with the
> James Moving Company to transport her belongings to a new
> home in Bridgeville, Allegheny County, Pennsylvania. One of the
> employees of the James Moving Company, who assisted in the
> move, was [Senoski].
>
> Six days subsequent to the move, on April 28, 199[5], at
> approximately 10:30 p.m. [Senoski] returned to [the victim's]
> residence. [The victim] responded to [Senoski's] knock on her

---

[*] Former Justice specially assigned to the Superior Court.

door; she opened her front door slightly and immediately recognized [Senoski] who was standing on her front porch. A short discussion ensued and when [the victim] turned to retrieve one of her business cards to hand it to [Senoski], [Senoski] "charged into the house . . . grabbed [the victim] from behind, and forced her to one knee, and he had a knife which he stuck in her throat. [Senoski] said, "we're going to have sex and there's nothing you can do about it to stop me."

Next, [Senoski] ripped open [the victim's] shirt and attempted to remove her bra. During the struggle, [the victim] removed the cigarette which [Senoski] had in his mouth and attempted to burn him with it but failed in this attempt when the cigarette was knocked from her hand. Shortly thereafter, [the victim] screamed loudly at [Senoski] for him to get out of her house which, fortunately, he did.

[The victim] then phoned the Bridgeville police. Bridgeville Police Officer [James] Radermacher was the first to arrive at [the victim's] residence as a result of her call. During the course of his investigation, Officer Radermacher took into evidence a "cigarette butt that was [lying] on the floor in the dining room next to a broken chair[.]" The saliva on the cigarette was tested and matched the saliva of [Senoski].

As a result of [Senoski's] attack, [the victim] suffered numerous bruises, cuts, abrasions, swelling and the need for stitches to close the wounds she had suffered.

***Commonwealth v. Senoski***, 852 A.2d 1254 (Pa. Super. 2004) (non-precedential decision at 1-2)(citation omitted).

On May 19, 1997, following a three-day trial, the jury convicted Senoski of attempted rape, aggravated assault, burglary, and related charges. Senoski was originally sentenced to an aggregate term of 25 to 50 years of imprisonment. After filing a motion for sentence modification, however, the court re-sentenced Senoski to an aggregate term of 12½ to 25 years of imprisonment. This Court affirmed his judgment of sentence on August 2,

- 2 -

1999, and our Supreme Court denied his petition for allowance of appeal on November 23, 1999. *Commonwealth v. Senoski*, 745 A.2d 46 (Pa. Super. 1999) (non-precedential decision), *appeal denied*, 747 A.2d 367 (Pa. 1999). Senoski did not seek further review.

Senoski filed a timely *pro se* PCRA petition. The PCRA court appointed counsel and, thereafter, PCRA counsel filed an amended petition. After issuing a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court dismissed Senoski's first petition.

Between 1999 and 2018, Senoski filed six unsuccessful PCRA petitions. He also filed several unsuccessful petitions for writ of *habeas corpus* in federal court.

On February 27, 2023, Senoski filed the motion at issue, a *pro se* "Motion for Leave to Have DNA Testing of Evidence Based Upon New Scientific DNA Experts." The PCRA court treated this filing as a serial PCRA petition, his seventh. By order entered March 3, 2023, the PCRA court dismissed the petition as untimely filed. This appeal followed. Both Senoski and the PCRA court have complied with Pa.R.A.P. 1925.

Senoski raises seven issues on appeal.[1] Before, addressing these issues, however, we note that the PCRA court erred in treating the motion at

_____

[1] Although Senoski raises seven issues, his total argument is one page consisting of four paragraphs. *See* Senoski's Brief at 14-15 (unnumbered). Senoski's failure to develop his claims with citation to case authority should result in waiver. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.
*(Footnote Continued Next Page)*

issue as an untimely PCRA petition. While inartfully drafted, Senoski's 2023 motion does cite Section 9543.1 of the PCRA and appears to request further DNA testing on the cigarette butt found at the crime scene. It is now well settled that the PCRA's time restrictions do not apply to petitioner's request for DNA testing. **_See generally_**, **_Commonwealth v. Gacobano_**, 65 A.3d 416 (Pa. Super. 2013).

Moreover, although not clear from the record, it appears Senoski has completed serving his sentence for the convictions at issue. If this is true, Senoski would generally be ineligible for relief under the PCRA. **_See_** 42 Pa.C.S.A. § 9543(a)(1)(i). However, a PCRA petitioner remains eligible for relief if he "has completed a sentence of imprisonment, probation or parole for the crime and is seeking relief based upon DNA evidence obtained under section 9543.1(d) (relating to postconviction DNA testing)." 42 Pa.C.S.A. § 9543(a)(1)(iv). Thus, the PCRA court should have addressed Senoski's 2023 motion as one requesting DNA testing under Section 9543.1(d).

---

Super 2007) (stating "[t]his court will not act as counsel and will not develop arguments on behalf of an appellant"). In any event, we conclude that his 2023 motion does not warrant post-conviction relief. **_See infra_**.

We also agree with the Commonwealth's assertion that "[i]t is difficult to discern what [Senoski's] actual claims are[.]" Commonwealth's Brief at 22. Although the Commonwealth agrees that Senoski's motion is untimely if treated as a serial PCRA petition, it also asserts that Senoski has failed to establish the threshold burden for obtaining DNA testing.

- 4 -

Nonetheless, we need not remand. *See Commonwealth v. Walker*, 225 A.3d 1161, *3 (Pa. Super. 2019) (addressing claim for post-conviction DNA testing pursuant to Section 9543.1 when claim was raised in a PCRA petition which the court dismissed as untimely). For the reasons stated below, we agree with the Commonwealth that that Senoski's 2023 motion fails to meet the threshold requirements necessary to establish the need for further DNA testing.

Regarding Section 9543.1, this Court has explained:

> [T]he DNA testing statute, which was passed unanimously by the Pennsylvania General Assembly, should be regarded as a remedial statute and interpreted liberally in favor of the class of citizens who were intended to directly benefit therefrom, namely, those wrongly convicted of a crime.

*In re Payne*, 129 A.3d 546, 554 (Pa. Super. 2015) (*en banc*) (quotation marks and citation omitted). Subsections (a) through (c) provide the requirements for a petition requesting DNA testing. Subsection (d) provides further information regarding the entry of an order for DNA testing.

Section 9543.1(d)(2), however, provides for the circumstances under which the PCRA court should not enter a testing order:

> (2) The court shall not order the testing requested in a motion under subsection (a) if, after review of the record of the applicant's trial, the court determines that there is no reasonable probability . . . that the testing would produce exculpatory evidence that:
>
> (i) would establish the applicant's actual innocence of the offense for which the applicant was convicted[.]

- 5 -

42 Pa.C.S.A. § 9543.1(d)(2)(i). **See also** 42 Pa.C.S.A. 42 Pa.C.S.A. § 9543.1(c)(3)(ii)(A) (providing an applicant requesting DNA testing on specific evidence must present a prima face case demonstrating that DNA testing of particular evidence would establish the applicant's actual innocence).

In **Payne**, **supra**, this Court elaborated on what actual innocence means:

> Section 9543.1 frequently incorporates, yet fails to define, the term "actual innocence." In [**Commonwealth v. Conway**, 14 A.3d 101, 109 (Pa. Super. 2011)], this Court applied a definition of 'actual innocence' taken from "the United States Supreme Court in its Opinion in **Schlup v. Delo**, [513 U.S. 298, 327 (1995), namely, that the newly discovered [DNA] evidence must make it 'more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt.'"

**Payne**, 129 A.3d at 556. In **Bousley v. United States**, 523 U.S. 614 (1998), the United States Supreme Court concluded that the determination of reasonableness must be considered "in light of all the evidence." **Id.** (citing **Schlup v. Delo**, **supra**).

Here, "in light of all the evidence," Senoski would not be able to establish his "actual innocence." The victim unequivocally identified Senoski as her attacker. The original DNA testing results presented at trial merely linked Senoski to the cigarette butt. Even without the DNA, there was still sufficient evidence to convict Senoski. Thus, any new DNA evidence would not exonerate him. As such, Senoski's 2023 motion did not meet the threshold requirement for further DNA testing. **See Payne**, 129 A.3d at 560 (agreeing with the Commonwealth's claim that "the absence of Payne's DNA evidence

on the items to be tested would not, by itself, establish a *prima facie* case that he is actually innocent"). Therefore, for this reason we affirm the PCRA court's order denying Senoski post-conviction relief.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 05/30/2024